IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 17, 2012 Session

**REBECCA W. FORD v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Knox County**
**No. 3-78-07      Wheeler A. Rosenbalm, Judge**

---

**No. E2011-01072-COA-R3-CV-FILED-JULY 31, 2012**

---

Rebecca W. Ford ("Plaintiff") sued the State of Tennessee ("State") regarding a motor vehicle accident that resulted in the death of Plaintiff's daughter, Lynsey M. Ford. After a bench trial, the Trial Court entered its judgment finding and holding, *inter alia*, that the State had not violated Tenn. Code Ann. § 9-8-307(a)(1)(I) or § 9-8-307(a)(1)(J), and that the actions of Zachary L. Robinson were the sole proximate cause of the accident. Plaintiff appeals to this Court. We reversed the Trial Court's judgment as to Zachary L. Robinson being solely at fault, and held that the State was 50% at fault for the Accident in our Opinion in *Robinson v. State*, docket No. E2011-01540-COA-R3-CV ("*Robinson v. State*"), released contemporaneously with this Opinion. We, therefore, remand this case to the Trial Court for the calculation of damages awarded to Plaintiff from the State for the death of Lynsey M. Ford.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Tony Farmer, Knoxville, Tennessee, for the appellant, Rebecca W. Ford.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Dawn Jordan, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**Background**

This lawsuit arises from a motor vehicle accident ("the Accident") which resulted in the tragic and untimely deaths of eighteen year old Zachary L. Robinson and sixteen year old Lynsey M. Ford. On March 3, 2006, at approximately 11:45 p.m. Ms. Ford was a passenger in a vehicle driven by Mr. Robinson. Mr. Robinson was driving on Lovell Road in Knoxville, Tennessee and was in the process of attempting to merge on to Pellissippi Parkway when he lost control of his vehicle and collided with a tractor trailer truck. Mr. Robinson and Ms. Ford both died.

Plaintiff filed suit in the Circuit Court for Knox County individually and as next of kin of Lynsey M. Ford against Averitt Express, Inc. and Michael L. Knauff. Plaintiff also filed suit in the Claims Commission against the State. In separate actions, Wade Robinson and Melanie Robinson sued Averitt Express, Inc. and Michael L. Knauff in the Circuit Court of Knox County and also filed suit in the Claims Commission both individually and as next of kin of Zachary L. Robinson against the State. Plaintiff's claims in the Claims Commission were transferred to Circuit Court and consolidated with her pending Circuit Court case. Plaintiff's claims also were consolidated with Mr. and Mrs. Robinson's claims[1] for purposes of trial[2]. Plaintiff's suit and Mr. and Mrs. Robinson's suit were separated again for purposes of appeal. We discuss fully Mr. and Mrs. Robinson's appeal in our Opinion in *Robinson v. State*, a copy of which is attached hereto as Attachment 1.

After trial, the Trial Court entered its judgment on April 15, 2011, finding and holding, *inter alia*, that the State had not violated Tenn. Code Ann. § 9-8-307(a)(1)(I) or § 9-8-307(a)(1)(J), and that the actions of Zachary L. Robinson were the sole proximate cause of the accident. Plaintiff appeals to this Court.

**Discussion**

Although not stated exactly as such, Plaintiff raises four issues on appeal: 1)

_____

[1] Mr. and Mrs. Robinson's claims in the Claims Commission had similarly been transferred to Circuit Court and consolidated with their Circuit Court case.

[2] Prior to trial, Plaintiff's and Mr. and Mrs. Robinson's claims against Averitt Express, Inc. and Michael L. Knauff were voluntarily non-suited.

whether the evidence preponderates against the Trial Court's finding that the proof failed to establish actionable conduct by the State under Tenn. Code Ann. § 9-8-307(a)(1)(I); 2) whether the evidence preponderates against the Trial Court's finding that the proof failed to establish actionable conduct by the State under Tenn. Code Ann. § 9-8-307(a)(1)(J); 3) whether the Trial Court erred in failing to allocate a percentage of liability to the State for Lynsey M. Ford's death; and 4) whether the Trial Court erred in relying upon Eric Hamby's testimony.

We addressed and resolved what are Plaintiff's first three issues in our Opinion in *Robinson v. State*, wherein we reversed, in part, the Trial Court's judgment after finding and holding that the plaintiffs had proven actionable conduct by the State under Tenn. Code Ann. § 9-8-307(a)(1)(I) and § 9-8-307(a)(1)(J), and that the State was 50% at fault for the Accident and Zachary L. Robinson was 50% at fault for the Accident. For the facts of this case and our resolution of the issues that are Plaintiff's issues 1, 2, and 3, refer to our Opinion in *Robinson v. State*, Attachment 1 to this Opinion. We adopt in this Opinion our Opinion in *Robinson v. State*.

Further, as to Plaintiff's issue three regarding whether the Trial Court erred in failing to allocate a percentage of liability to the State for Lynsey M. Ford's death, Plaintiff argues that the Trial Court failed to address Lynsey M. Ford's status as a guest passenger and instead imputed Zachary L. Robinson's fault to Lynsey M. Ford. We disagree that the Trial Court somehow imputed Zachary L. Robinson's fault to Lynsey M. Ford. Rather, in its judgment, the Trial Court found the Zachary L. Robinson was the sole proximate cause of the Accident and that the State had no fault. If the State had no fault for the Accident, then Plaintiff simply would be unable to recover damages from the State.

We, however, addressed the issue of fault in our Opinion in *Robinson v. State* and found and held that the State was 50% at fault for the Accident and that Zachary L. Robinson was 50% at fault for the Accident. Our reallocation of fault allows Plaintiff to recover damages from the State for the death of Lynsey M. Ford. We, therefore, remand this case to the Trial Court for a determination of the proper amount of damages based upon the State being 50% at fault.

Our resolution of the issues in *Robinson v. State* renders consideration of Plaintiff's fourth issue moot. We do note that in *Robinson v. State* we found no error in the Trial Court's finding Mr. Hamby to be a credible witness and then relying on his testimony as being relevant.

## **Conclusion**

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below.  The costs on appeal as assessed against the appellee, the State of Tennessee.

_____
D. MICHAEL SWINEY, JUDGE